IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRENDA M. MCILVAIN                                                                                    PLAINTIFF

v.                                           CIVIL NO. 5:20-CV-5075

ANDREW M. SAUL, Commissioner
Social Security Administration                                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Brenda M. McIlvain, appealed the Commissioner's denial of benefits to this Court. On April 14, 2021, judgment was entered, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 20).

**1.   Background**

On May 13, 2021, Plaintiff filed a motion for an award of $6,962.90 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 34.3 hours of legal work before the Court during 2020 and 2021 at an hourly rate of $203. (ECF No. 21). Defendant responded on May 21, 2021, lodging no objections to any part of the motion. (ECF No. 24).

**2.   Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial

1

proceedings below was substantially justified."). An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. §2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions (EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." . . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker*, 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[1] which references the CPI – South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

**3.     Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 20). Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that the Plaintiff is the prevailing party.

Plaintiff requests a total award of fees in the amount of $6,962.90. This includes 34.3 hours of legal work at an hourly rate of $203 for work performed in both 2020 and 2021. This hourly rate is authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $203 for work performed in 2020 and a rate of $206 for work performed in 2021. Plaintiff seeks the rate of $203 to be applied to the hours expended in both years, and thus the Court will award fees based on the 2020 hourly rate

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the nearest dollar:

2020 - 247.289 x 125 divided by 152.4 (March 1996 CPI-South) = $202.82/hour ~ $203

2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI-South) = $205.62/hour ~ $206

of $203, noting that if Plaintiff's motion had sought application of the $206 rate to work performed in 2021, the Court would have approved same.

Turning to the hours claimed, the Court has reviewed counsel's itemized statement, noting that the lion's share of the time expended was related to counsel's review of the ALJ decision and preparation of briefing to the Appeals Counsel; preparation of Plaintiff's complaint; review of the transcript; and construction of the appeal brief, with the remainder of time spent on reading filings and notices and communicating with Plaintiff. The Court finds the claimed 34.3 hours expended over fourteen months to be reasonable.

Based upon the foregoing, the undersigned recommends that Plaintiff be awarded an attorney's fee award under the EAJA for 34.3 hours of work performed by her counsel during 2020-2021 at the hourly rate of $203, for a total fee award of $6,962.90.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant.  However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

  IT IS SO ORDERED this 28th day of May 2021.


            /s/ *Christina Comstock*
            HON. CHRISTINA COMSTOCK
            UNITED STATES MAGISTRATE JUDGE